Blackwell Publishing, Incorporated et al v. Miller                                                                Doc. 1

Case 2:07-cv-12731-AC-VMM Document 1   Filed 06/28/2007   Page 1 of 20

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
OXFORD UNIVERSITY PRESS, INC.,
SAGE PUBLICATIONS, INC., and
JOHN WILEY & SONS, INC.,

                Plaintiffs,

vs.

NORMAN MILLER d/b/a
EXCEL TEST PREPARATION,

                Defendant.
_____/

Civil Action No. 07-CV-_____

07-12731

Hon. AVERN COHN

Mag. _____

FILED
JUN 28 2007
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## COMPLAINT

This is an action for infringement of numerous copyrights belonging to plaintiffs, in violation of Title 17 of the U.S. Code. Plaintiffs complain of defendant as follows:

### Parties

1. Plaintiff Blackwell Publishing, Inc. ("Blackwell") is a Delaware corporation having its principal place of business at 350 Main Street, Malden, Massachusetts 02148. It is a subsidiary of Plaintiff John Wiley & Sons, Inc. It is engaged in the business of publishing books and journals in medicine, the social sciences and other fields, including but not limited to those specifically identified in this action.

2. Plaintiff Elsevier, Inc. ("Elsevier) is a business corporation organized and existing under the laws of New York, and having a place of business at 30 Corporate Drive, Suite 400, Burlington, MA 01803. It is engaged in the business of publishing

Dockets.Justia.com

scholarly books and journals in many fields of science and social science, including but not limited to those specifically identified in this action.

3. Plaintiff Oxford University Press, Inc. ("OUP") is a non-profit corporation organized and existing under the laws of Delaware and having its principal place of business at 198 Madison Avenue, New York, NY 10016. It publishes numerous books and journals in many fields, including but not limited to those specifically identified in this action.

4. Plaintiff Sage Publications, Inc. ("Sage") is a Delaware corporation having its principal place of business at 2455 Teller Road, Thousand Oaks, CA 91320. It is engaged in the publication of books and journals in many fields, including but not limited to those identified in this action.

5. Plaintiff John Wiley & Sons, Inc. ("Wiley") is a business corporation organized and existing under the laws of New York and having its principal place of business at 111 River Street, Hoboken, New Jersey 07030. It and its subsidiaries are engaged in the business of publishing books and journals in many fields, including but not limited to those specifically identified in this action.

6. Defendant Norman Miller d/b/a Excel Test Preparation ("Excel") is, according to plaintiffs' information and belief, a citizen of Michigan and has a business address at 1117 S. University, Ann Arbor, MI 48104. He is engaged in the business of reproducing and distributing, for profit, material published and owned by others, including but not limited to the plaintiffs in this action. One of his primary activities in this regard is the preparation and sale of so-called "coursepacks," in which selected readings for a college or graduate course are reproduced and bound together for use in a particular class.

7. Plaintiffs are informed and believe that Defendant Norman Miller is transacting business under the assumed name Excel Test Preparation without having filed a certificate with the Washtenaw County clerk, in violation of Mich.Comp.Laws § 445.1.

## Jurisdiction and Venue

8. This Court has jurisdiction over this Complaint under 28 U.S.C. §1338(a).

9. Venue is appropriate in this Court under 28 U.S.C. §1400(a), the statute governing venue in copyright cases, because the defendant resides or may be found in this District.

## Facts

10. Plaintiff Blackwell publishes books and journals in many fields. Among its publications are those identified on Schedule A to this Complaint as "Blackwell Items."

11. Plaintiff Elsevier and its affiliated companies in the U.S. and other countries among them publish thousands of scholarly books and journals in the English language alone, all of them in the sciences. Among its publications are those identified on Schedule A to this Complaint as "Elsevier Items."

12. Plaintiff OUP publishes scholarly books and journals in many fields. Among its publications are those identified on Schedule A to this Complaint as "OUP Items."

13. Plaintiff Sage publishes scholarly books and journals in the sciences and social sciences. Among its publications are those identified on Schedule A to this Complaint as "Sage Items."

14. Plaintiff Wiley, together with its affiliated companies, publishes each year thousands of scholarly books and hundreds of scholarly journals in a number of fields, including but not limited to chemistry, physics, business, and certain social sciences.

Among its publications are those identified on Schedule A to this Complaint under the heading "Wiley Items."

15. The Blackwell Items, Elsevier Items, OUP Items, Sage Items and Wiley Items are sometimes referred to collectively hereinafter as the "Plaintiffs' Works."

16. The books that plaintiffs publish are written or edited by scholars in their respective fields. The journals that plaintiffs publish consist primarily of articles written by scholars in their respective fields and peer-reviewed by fellow scholars.

17. Each plaintiff, as a matter of standard practice, requires that the authors who write its books or contribute to its journals assign copyright to the publisher or grant the publisher exclusive rights of reproduction and distribution within the United States. This enables each plaintiff to seek out the greatest number of markets for the book, article or journal concerned and for its contents, thereby maximizing dissemination of the article, journal or book.

18. Specifically, but without limitation of the foregoing, Blackwell, Elsevier, OUP, Sage and Wiley, or their respective predecessors in interest as the case may be, have, in connection with the books, articles and journals specifically named in this Complaint, secured transfers of copyright (either outright assignments or exclusive licenses) from the authors of the contents thereof. All copyrights thus transferred are those involved in this civil action.

19. Plaintiffs invest heavily in their book and journal publishing programs. Each year they incur substantial costs for author royalties or other costs of content creation or licensing, copyediting and proofreading, and for typesetting, layout, printing, binding, distribution, and promotion, and for support of journal editorial offices.

20. The revenue from their respective publications represents the majority, in most cases the vast majority, of plaintiffs' respective annual revenues, and is therefore critical to their financial health.

21. Plaintiffs suffer serious financial injury if their copyrights are not respected. A substantial decline in their income could cause plaintiffs to cease publication of one or more deserving books or journals. This would have an adverse impact on the creation of new works, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving work.

22. In the case of infringed books, not only the publishers but also the authors receive income from such books, and depriving authors of that income can have serious repercussions for them and their work.

23. As part of their program of protecting their copyrights, plaintiffs routinely register their copyrights. The books and journal issues identified in this Complaint all bear copyright notice, and the plaintiffs' have registered copyright in all of them, as indicated on Schedule A, with the exception of Wiley's book *Managing Ambiguity and Change* and Elsevier's journals *Journal of Criminal Justice, Information Processing & Management, Interacting with Computers,* and *Social Science and Medicine*, which are non-U.S. works and therefore not required to be registered as a prerequisite to suit. *See* 17 U.S.C. § 411 (registration required only for "United States works," as such term is defined in 17 U.S.C. §101).

24. Defendant Excel is one of a number of commercial companies that offers to provide, on demand, photocopies of individual articles from journals, individual chapters

from books, and other similar material. These companies are known in the marketplace as "copy shops."

25. Like many copy shops in towns and cities where colleges and universities are located, Excel does a substantial business in "coursepacks." The contents of a typical coursepack include journal articles, excerpts from books, and perhaps other printed materials, selected by the teacher of a course as required reading for that course. The teacher delivers the course syllabus, and/or the materials to be copied, to the copy shop. The copy shop copies the portions identified by the teacher, and binds them in a plastic ring binder or other inexpensive binding. The copy shop then sells these coursepacks to students at a profit.

26. The copy shop is required to arrange for permission to copy the materials in coursepacks that it reproduces. Frequently, copy shops do so through an independent agency known as Copyright Clearance Center, Inc. ("CCC"), of Danvers, Massachusetts.

27. In order to expand and facilitate the distribution of their publications and compliance with their copyrights, plaintiffs have licensed CCC, a non-profit intermediary, to authorize commercial photocopying of articles from plaintiffs' journals or excerpts from plaintiffs' books. Any copy shop such as Excel can comply with copyright by reporting its coursepack photocopying activities to CCC and paying a copyright fee for each copy made. CCC in turn reports aggregate licensing information to plaintiffs, and pays plaintiffs the copyright fees collected, less an agreed amount to compensate CCC for its services. Many, if not all, of the plaintiffs will also respond directly to requests for permission to use portions of their materials in coursepacks.

28. Defendant, however, has been engaged in routine and systematic reproduction of materials from plaintiffs' publications, without seeking permission from plaintiffs or from CCC. This infringement takes the form of (without limitation) coursepacks for courses taught at the University of Michigan. The coursepacks currently known to plaintiffs to contain such material are those identified on Schedule A.

29. Plaintiffs are informed and believe that Excel does not itself perform the copying for each of its customers. Rather, Excel requires each student to copy the pages of each coursepack him/herself on Excel's premises, using Excel's copying machines. This is an explicit attempt to circumvent copyright law. Excel has stated publicly that it believes such an arrangement exempts it from the rules laid down in past cases involving copy shops making unauthorized coursepacks. However, by providing the means of reproduction and charging for their use Excel is just as much engaged in infringement as if its own employees made the copies, and its conduct constitutes willful infringement.

## COUNTS 1-41

### Copyright Infringement

30. Plaintiffs reallege and incorporate herein by reference paragraphs 10-29 of this Complaint.

31. Plaintiffs have identified at least 41 separate and distinct counts of specific unauthorized copying of which plaintiffs have knowledge. Each instance of unauthorized reproduction and sale of plaintiffs' materials is a separate count in this action.

32. Each infringed work is identified on Schedule A to this Complaint. From left to right, the columns of Schedule A state the number of the count, the coursepack in which the item of the plaintiffs' was reproduced by defendant without permission, the

professor of said course, the title of the material infringed, the chapter or article from the larger book or journal from which such material was copied (if applicable), the author of the material infringed, the date the work was published, the numbers of the pages infringed (if known), and the copyright registration number. All coursepacks identified in Counts 1- 41 are for courses taught at the University of Michigan.

33. Plaintiffs are informed and believe that this unauthorized copying is representative of a much larger pattern of unauthorized copying, which when examined will reveal infringements of numerous other works owned by them, and plaintiffs will amend this Complaint to add such works after discovery has occurred.

34. Defendant has at all times have been fully aware of his obligations under copyright law. Defendant's infringement of plaintiffs' copyrights, including but not limited to those set forth on Schedule A, has been willful.

35. Defendant is responsible in whole or in part for establishing the policies and procedures that have led to the infringing conduct described herein. At all times relevant he has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the infringing activity.

36. Plaintiffs have suffered substantial harm from defendant's unauthorized conduct. Plaintiffs will continue to suffer harm if defendant is permitted to continue his infringing activities.

**WHEREFORE PLAINTIFFS PRAY THAT THIS HONORABLE COURT:**

A. Issue a preliminary order enjoining defendant, his officers, agents, servants, employees, and attorneys, and all those in active concert with him or participation with him, from all further reproduction and distribution by any means or method of

contents from the books, journals, or other publications published by plaintiffs or any of them, during the pendency of this litigation, except only such reproduction and distribution as may be authorized by plaintiffs or CCC as plaintiffs' agent and only upon payment of the fees required by them;

B. Issue an order permanently enjoining defendant, his officers, agents, servants, employees, and attorneys, and all those in active concert with him or participation with him, from all further reproduction and distribution by any means or method of contents from the books, journals, or other publications published by plaintiffs or any of them, except only such reproduction and distribution as may be authorized by plaintiffs or CCC as plaintiffs' agent and only upon payment of the fees required by them;

C. Award plaintiffs all of their direct and consequential damages arising from defendant's willful infringement of copyright, whether direct, contributory or vicarious, or in the alternative statutory damages for such infringement in the maximum amount permitted by law;

D. Award plaintiffs an accounting of defendant's profits from such infringement;

E. Award plaintiffs their reasonable attorneys' fees and costs, as provided in 17 U.S.C. §505, and interest as provided by law; and

F. Award plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
OXFORD UNIVERSITY PRESS, INC.,
SAGE PUBLICATIONS, INC.,
JOHN WILEY & SONS, INC.,

Plaintiffs,

By their Attorneys:

PEAR SPERLING EGGAN & DANIELS, P.C.

Dated: June 28, 2007          By: /s/ Karl V. Fink
                              Claudia Rast (P40165)
                              Karl V. Fink (P13429)
                              Cynthia M. York (P39722)
                              24 Frank Lloyd Wright Drive
                              Ann Arbor, Michigan 48105
                              (734) 665-4441
                              (734) 665-8788 (fax)
                              **kfink@psedlaw.com**

**Of Counsel to Plaintiffs:**

William S. Strong, Esq., BBO #483520
Amy C. Mainelli Burke, Esq., BBO#657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

Schedule A
List of Infringed Items

| Count No. | Course | Prof | Book/Journal Name | Chapter/Article Name | Book/Article Author | Pub Yr | Page Range | Copyright Reg. No. |
|---|---|---|---|---|---|---|---|---|
| **Blackwell Items:** | | | | | | | | |
| 1 | SPP 692/UP 598 Fall 2004 | David Thatcher | Criminology and Public Policy | Effectiveness of Drug Treatment Courts: Evidence from a Randomized Trial | Denise Gottfredson, Stacy Najaka, and Brook Kearley | 2003 Vol. 2 No. 2 | 171-196 | TX 5-711-508 |
| 2 | Education 604-001 Fall 2006 | Stuart C. Rankin | Teachers College Record | The Politics of Official Knowledge: Does a National Curriculum Make Sense? | Apple, Michael W. | Winter 1993 95(2) | 222-241 | TX 3-757-533 |
| **Elsevier Items:** | | | | | | | | |
| 3 | SPP 692/UP 598 Fall 2004 | David Thatcher | Journal of Criminal Justice | Abandoned Buildings: Magnets for Crime? | Spelman, William | 1993 Vol. 21 | 481-495 | None, non U.S. Work |
| 4 | SI 551/751 Winter 2005 | Soo Young Rieh | Information Processing & Management | Information Behaviour: An interdisciplinary perspective Material Mastery: Situating Digital Library Use in University Research Practices; Waiting for Chiropody: contextual results from an ethnographic study of the | Wilson T.D. | 1997 33(4) | 551-572 | None, non U.S. Work |
| 5 | SI 551/751 Winter 2005 | Soo Young Rieh | Information Processing & Management | Waiting for Chiropody: contextual results from an ethnographic study of the information behaviour among | Covi, L.M.; Pettigrew, K.E. | 1999 Vol. 35 | 293-316; 801-817 | None, non U.S. Work |

| # | Course/Term | Author | Title | Section | Source Author | Year | Pages | Registration |
|---|---|---|---|---|---|---|---|---|
| 6 | SI 551/751 Winter 2005 | Soo Young Rieh | Interacting with Computers | Making use is more than a matter of task analysis Whose Fault is it? People's own conceptions of the reasons for Health | Carroll, J.M. | 2002 14 | 619-627 | None, non U.S. Work |
| 7 | Soc. 102 Fall 2006 | Sarah Burgard | Social Science and Medicine | Inequalities | Blaxter | 44(6) | 747-756 | None, non U.S. Work |
| **OUP Items:** | | | | | | | | |
| 8 | ED 392 Winter 2006 | Sarah Tucker | The American Dream and the Public Schools | Chapter 2 | Hochschild and Scovronick | 2003 | ? | TX-5-744-856 |
| 9 | ED 868 Winter 2005 | Jana Nidiffer | Beyond the Double Bind: Women and Leadership | Double Bind Number Three: Sameness/Difference | Jamieson | 1995 | | TX-4-392-270 |
| 10 | SPP 692/UP 598 Fall 2005 and Fall 2004 | David Thatcher | Crime is not the problem: lethal violence in America | What Americans Fear | Franklin Zimring and Gordon Hawkins | 1997 | 3 to 20 | TX-4-610-691 |
| 11 | SPP 692/UP 598 Fall 2005 and Fall 2004 | David Thatcher | Harm to Others: the moral limits to the Criminal Law | Assessing and Comparing Harms | Joel Feinberg | 1985 | 4-15 | TX-1-390-350 |
| 12 | SPP 692/UP 598 Fall 2005 and Fall 2004 | David Thatcher | Offense to others: the moral limits of the ciminal law | Offensive nuisances | Joel Feinberg | 1985 | 1 to 13 | TX-1-642-537 |

(attendees at community clinics) — 187-193;21

| # | Course | Author | Title | Other Author | Year | Pages | ID |
|---|---|---|---|---|---|---|---|
| 13 | SPP 692/UP 598 Fall 2005 and Fall 2004 | David Thatcher | Incapacitation | Franklin Zimring and Gordon Hawkins | 1995 | 42-59 | TX-4-538-577 |
| 14 | SPP 692/UP 598 Fall 2005 and Fall 2004 | David Thatcher | Malign Neglect: Race Crime and Punishment in America | Michael Tonry | 1995 | 125-161; 49-80; 81-123 | TX-4-618-124 |
| | | | Social Adversity and the Criminal Law; Social Adversity and Punishment; Racial Disproportion in the Criminal Justice System; Race and the War on Drugs | | | | |
| 15 | SPP 692/UP 598 Fall 2004 | David Thatcher | Between Prison and Probation | Norval Morris and Michael Tonry | 1990 | 37-58, 82-108 | TX-2-858-278 |

| # | Course | Title | Author | Year | Pages | Reg. |
|---|---|---|---|---|---|---|
| 16 | SPP 692/UP 598 Fall 2005 | Debating the Death Penalty | David Thatcher | | | |
| | | Why the Death Penalty is Morally Permissible and Why the United States will Join the Rest of the World in Abandoning Capital Punishment | Lois Pojman and Stephen Bright | 2004 | 52-73; 152-179 | TX-5-962-522 |
| 17 | SPP 692/UP 598 Fall 2005 | The Contradictions of Capital Punishment | David Thatcher | | | |
| | | The Consequences of Contradictory values | Franklin Zimring | 2003 | 119-140 | TX-5-737-393 |
| 18 | SPP 692/UP 598 Fall 2005 and Fall 2004 | American Youth Violence | David Thatcher | | | |
| | | | Franklin Zimring | 1998 | 17-30;107-125 | TX-4-912-467 |
| 19 | SPP 692/UP 598 Fall 2005 and Fall 2004 | Readings in Juvenile Justice Administration | David Thatcher | | | |
| | | | Barry Feld | 1999 | 161-67; 184-210 | TX-4-941-972 |
| 20 | SW 633, Section 003 and Section 001 Winter 2004 | The Politics of Child Abuse in America | Barbara MacKenzie; S.K. Danziger | | | |
| | | | Costin, Lela, Karger, Howard and Stoesz, David | 1996 | 3-11, 171-177 | TX-4-253-807 |

| | | | | | |
|---|---|---|---|---|---|
| 21 | SW 633, Section 003 and Section 001 Winter 2004 | Barbara MacKenzie; S.K. Danziger | The Tender Years: Toward developmentally sensitive child welfare services for very young children | Berrick, Jill Duerr, Barbara Needell, Richard Barth and Melissa Jonson-Reid | 1998 | 1-27 | TX-4-722-252 |
| 22 | SW 633, Section 003 and Section 001 Winter 2004 | Barbara MacKenzie; S.K. Danziger | Safe Passage: Making it trough adolescence | Dryfoos, Joy G. | 1998 | 3-69 | TX-4-767-296 |
| 23 | SW 652 Fall 2006 | Charles H. Kieffer | Social Workers' Desk Reference | Legislative Advocacy to Empower Oppressed and Vulnerable Groups | Reisch, M. (Eds. Roberts and Greene) | 2001 | 545-550 | TX-5-504-938 |
| 24 | SW 820 Fall 2005 | Micahel Reisch | The color of welfare: how racism undermined the war on poverty | Explaining American exceptionalism; The politics of welfare reform | Jill Quadagno | 1994 | 187-197; 117-134 | TX-4-530-086 |
| 25 | SW 820 Fall 2005 | Micahel Reisch | From difference shores: perspectives on race and ethnicity in America | Puerto Ricans and the underclass debate | Marta Tienda | 1989, 2nd ed. January | 261-269 | TX-4-392-311 |

| # | Course | Author | Title | Additional Author | Year | Pages | Registration |
|---|---|---|---|---|---|---|---|
| 26 | SW 820 Fall 2005 | Micahel Reisch | Social Security in the 21st Century | Robert M. Ball and Thomas N. Bethell | 1997 | 259-294 | TX-4-409-415 |
| 27 | SPP 692/UP 598 Fall 2004 | David Thatcher | When Prisoners Come Home | Joan Petersilia | 2003 | 76-154 | TX-5-743-977 |

Sage Items:

| # | Course | Author | Title | Additional Author | Year | Pages | Registration |
|---|---|---|---|---|---|---|---|
| 28 | Soc. 102 Fall 2006 | Sarah Burgard | Freedom Summer | McAdam | 66-115 | 1988 | TX-2-416-588 |
| 29 | Education 771 Winter 2006 | Micahel N. Bastedo | Organizational Environments: Ritual and Rationality; The Structure of Educational Organizations | Meyer, John; Brian Rowan | 1978 | 71-96 | TX-1-323-645 |
| 30 | Education 771 Winter 2006 | Micahel N. Bastedo | Organizational Theory and Public Policy; State Expansion and Organizational Fields | DiMaggio, Paul J | 1983 | 147-61 | TX-1-223-942 |

| | | | | | |
|---|---|---|---|---|---|
| 31 | ED 392 Winter 2006 | Sarah Tucker | American Behavioral Scientist | Everyday Race-Making: Negotiating Racial Boundaries in school | Lewis, A. | 2003 47(3) | 283- 305 | TX 5-884-010 |
| 32 | SW 502 Section 5 Fall 2005 | Scott Weissman | The Handbook of Community Practice | Theorizing in Community Practice | Reed, B. | ? | 84-102 | TX-6-116-867 |
| 33 | SW 502 Section 5 Fall 2005 | Scott Weissman | Human Services as Complex Organizations | Power in Social Work Practice and Theoretical Approaches to Human Service Organizations | Hasenfeld Y. | 1992 | 257- 275; 24-44 | TX-3-741-350 |
| | | | | Evolution, Models, and the Changing Context of Community Practice; | Weil, M and Gamble D.N.; | | 117- 149; | |
| | | | | Participatory Methods in Community Practice; | Castelloe, P. and Gamble, D.N.; | | 261- 275; | |
| | | | | Coalitions as Social Change Agents; | Roberts- DeGennaro, M. and Mizrahi, T.; | | 305- 318; | |
| | | | | Rise Up and Build the Cities; | Cnaan, R.A., Boddie, S.C., and Yancey, G.I.; | | 372- 386; | |
| | | | | Faith Based Community Organizing; | Jansson, B.S., Dempsey, D., McCroskey, J. and Schneider, R.; | | 319- 338; | |
| | | | | Four Models of Policy Practice: Local State, and National Arenas; | Mondros, J.; | | 276- 286; | |
| | | | | Political, Social and Legislative Action; | Rubin, H.J. and Rubin, I.S.; | | 189- 203; | |
| | | | | The Practice of Community Organizing; | Erlich, J.L.; | | 59-83; 287- 304 | |
| | | | | Diverse Populations and Community Practice; Radical Community Organizing | Reisch, M. | | | |
| 34 | SW 652 Fall 2006 | Charles H. Kieffer | The Handbook of Community Practice | | | 2005 | | TX-6-116-867 |

| | | | | | |
|---|---|---|---|---|---|
| 35 | SW 652 Fall 2006 | Charles H. Kieffer | Social Work in the 21st Century | Gutierrez, L.; Wenocur, S. and Soifer, S. | Multicultural Community Organizing: Prospects for Community Organization | 1997 | 249-259; 198-208 | TX-4-524-673 |
| 36 | SW 652 Fall 2006 | Charles H. Kieffer | Empowerment Evaluation | Dugan, M.A. | Participatory and Empowerment Evaluation | | 277-303 | TX-4-111-569 |
| 37 | SPP 692/UP 598 Fall 2004 | David Thatcher | | | Lawful Policing | 2004 vol. 593 | 66-83 | TX 5-987-270 |

**Wiley Items:**

| | | | | | |
|---|---|---|---|---|---|
| 38 | Education 771 Winter 2006 | Micahel N. Bastedo | Handbook of Research on Educational Administration | Rowan, Brian and Cecil G. Miskel | Institutional Theory and the Study of Educational Organizations | 1999 | 359-383 | TX-5-022-908 |
| 39 | Education 771 Winter 2006 | Micahel N. Bastedo | Managing Ambiguity and Change | Martin, Joanne and Debra Meyerson | Organizational Cultures and the Denial, Channeling and Acknowledgment of Ambiguity | 1988 | 93-125 | None, non U.S. Work |
| 40 | Education 771 Winter 2006 | Micahel N. Bastedo | Assessing Academic Climates and Cultures | Peterson, Marvin W. and Melinda Spencer | Understanding Academic Culture and Climate | 1990 | | TX-3-034-155 |
| 41 | SW 652 Fall 2006 | Charles H. Kieffer | Methods in Community Based Participatory Research for Health | Freudenberg, N., Rogers, M.A., Ritas, C. and Nerney, S.M. | Policy Analysis and Advocacy: An Approach to Community Based Participatory Research | 2005 | 349-370 | TX-6-212-212 |

**JS 44** (Rev. 11/04) — **CIVIL COVER SHEET** — County in which this action arose: Washtenaw

Case 2:07-cv-12731-AC-VMM    Document 1    Filed 06/28/2007    Page 19 of 20

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Blackwell Publishing, Inc.; Elsevier, Inc.; Oxford University Press, Inc.; Sage Publications, Inc.; and John Wiley & Sons, Inc.

### DEFENDANTS
Normal Miller d/b/a Excel Test Preparation

(b) County of Residence of First Listed Plaintiff: (all Ps are non-residents)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Washtenaw
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pear Sperling Eggan & Daniels, P.C., by Claudia Rast, Karl Fink, and Cynthia York
24 Frank Lloyd Wright Drive, Ann Arbor, MI 48105 (734) 665-4441

Attorneys (If Known): N/A

## II. BASIS OF JURISDICTION (Select One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Select One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

820

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**PERSONAL INJURY**
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [x] 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Select One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Sections 101 et seq.
Brief description of cause: copyright infringement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ Amt. Not Stated
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: June 28, 2007
SIGNATURE OF ATTORNEY OF RECORD: Karl V. Fink

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1.      Is this a case that has been previously dismissed?     ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.      Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes : _____