UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
OXFORD UNIVERSITY PRESS, INC.,
SAGE PUBLICATIONS, INC., and
JOHN WILEY & SONS, INC.,               Civil Action No. 07-CV-12731

                    Plaintiffs,           Hon. Avern Cohn

vs.                                               Mag. Morgan

EXCEL RESEARCH GROUP, LLC d/b/a
EXCEL TEST PREPARATION,
COURSEPACKS, & COPIES and
NORMAN MILLER, individually,

                    Defendants.
_____/

## DECLARATION OF ROY S. KAUFMAN

     I, Roy S. Kaufman, of New York, New York, submit this Declaration under oath pursuant to Fed. R. Civ. Proc. 56(f) in connection with Plaintiffs' opposition to defendants' summary judgment motion.

     1.     I am a member of the bar of the State of New York, and Legal Director of plaintiff John Wiley & Sons, Inc., with responsibility for (among other matters) litigation concerning copyright infringement in the United States.

     2.     I have reviewed the statement of allegedly undisputed facts filed by defendants in support of their motion ("Defs. Stmt."). It appears to be a self-serving and incomplete picture of defendants' business as built around the reproduction of our (plaintiffs') copyrighted works. For example, it does not contain any facts about

Dockets.Justia.com

defendants' marketing of their business, about the volume of their business, about how many copies of any given courspack are made, and so on. I believe that information on these topics will strengthen our case. (For example, we believe that defendants' failure to obtain copyright licenses has cost us significant revenue, but we cannot quantify that without discovery.) Without discovery, we also cannot determine what the effect of defendants' activities is on other copy shops in the Ann Arbor market that comply with copyright law. While I believe strongly that the facts we do know are sufficient to show willful infringement – and *a fortiori* to prevent summary judgment for defendants – I believe that we should have the opportunity to build the best and most thorough case that we can, and this involves taking defendant Norman Miller's deposition and having access to defendants' relevant documents. In addition to these general statements, I have the following specific observations.

3. In ¶1 of Defs. Stmt., defendants make certain allegations as to what defendant Norman Miller has learned. Without the opportunity to take discovery plaintiffs have no idea what he has really learned or whether it is relevant to these proceedings.

4. In ¶2 of Defs. Stmt., defendants describe certain of their business practices. Having had no opportunity to examine Miller under oath, we do not accept that ¶2 gives a complete picture of defendants' activities relative to coursepacks, and we seek the opportunity to take discovery which, we believe, will amplify the fact that defendants' practices do not constitute fair use of the works at issue here..

5. Having had no opportunity to examine Miller under oath or inspect defendants' documents, plaintiffs decline to accept defendants' statement, in ¶3 of Defs.

2

Stmt., of what readings "typically" consist of. We seek reasonable disclosure of documents relevant to defendants' business practices.

6. In ¶4 of Defs. Stmt., defendants describe what "some" professors deliver to them. Plaintiffs need discovery in order to ascertain what other professors deliver. The use of the word "some" suggests that other professors may leave it to defendants to make copies of what is to be included in their coursepacks, and this heighten the unlawfulness of defendants' business.

7. Defendants concede in ¶5 of Defs. Stmt. that the Masters they maintain at Excel do not necessarily identify the author or the publisher of the excerpts contained in them. Without the opportunity to examine defendants' documents, we have no idea how often this important information is omitted. Failure to give proper attribution to both author and copyright owner (the publisher) is damaging and one of many arguments against defendants' claim of fair use.

8. Concerning the first sentence in ¶7 of Defs. Stmt., plaintiffs note that defendants have not submitted a single example of the statements allegedly signed by students, and plaintiffs have had no opportunity to examine defendants' documents on this point. We do not accept that such statements are exculpatory, but in building our case against defendants we are entitled to know what such statements say and how often they are actually signed. Plaintiffs have had no opportunity to examine defendants as to the circumstances surrounding the acts described in the last sentence of ¶7 – concerning defendants' alleged refusal to allow persons not enrolled in classes to use Masters in defendants' shop. Without agreeing that any such conduct is exculpatory, I believe we are entitled to know the circumstances surrounding these alleged actions.

9. With respect to ¶8 of Defs. Stmt., defendants have failed to show that any license between JSTOR and the University of Michigan is still in effect or covers any of the journal articles identified in Exhibit B to the Amended Complaint. If any such agreement was in effect and relevant at the applicable time, plaintiffs will need discovery to establish what the User Rules were at the applicable time.

10. The only facts in ¶23 of Defs. Stmt. to which defendants are competent to testify are what Excel charges per page, and defendants' statement on that score is ambiguous. We would like discovery to establish exactly what is charged and why the charges might vary from one coursepack to another. The rest of what is said in ¶23 relates to what happens within the University of Michigan, and without agreeing that such information is relevant, we should have discovery to quantify what are currently vague and general statements.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES.

Dated: February 13, 2008

Roy S. Kaufman