UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLACKWELL PUBLISHING, INC., et al,
        Plaintiff(s),      CASE NUMBER: 07-12731
                                        HONORABLE AVERN COHN
v.

NORMAN MILLER, et al,
        Defendant(s).
_____/

## PRETRIAL AND SCHEDULING ORDER

l.  On November 12, 2008, the Court held a preliminary pretrial conference on the above case. At the conference the Court reviewed with counsel the nature of the case as well as any problems likely to be encountered during pretrial.

2.  The Court also discussed the time limits for discovery and related matters and a date for the final pretrial conference and trial. Accordingly, the following dates are set.

    a.  Discovery and related matters as described in Fed. R. Civ. P. 16(b) shall be completed by **February 23, 2009.**

    b.  Motions shall be filed by **March 23, 2009.**

    c.  The Final Pretrial Conference will be held on **Tuesday, June 23, 2009 at 2:00 p.m.**

    d.  A **Jury** trial is scheduled for **Monday, July 20, 2009 at 9:00 a.m.** however the case may be called sooner.

3.  No dispositive motions shall be filed after the final pretrial conference without prior

approval of the Court.

4. **No discovery motions shall be filed without the Court's approval after a telephone conference.**

5. The requirements for the joint pretrial statement to be filed prior to the final pretrial conference are set forth in LR 16.2 Joint Final Pretrial Order.

6. If any counsel believes a preliminary pretrial conference would further the progress of this case, resolve any problems or increase the likelihood of settlement, it may be scheduled through the Deputy Clerk, Julie Owens at (313) 234-5160.

7. No motion relating to discovery shall be filed until counsel has first conferred as directed by Fed. R. Civ. P. 37(a)(2)(A), and has also talked to the Court, by telephone conference call and received permission to file the motion.

8. The Court is available by pre-arrangement with the Deputy Clerk by conference telephone call to assist in informal resolution of discovery and other pretrial problems.

9. Attention is called to LR 26.2 relating to **NOT** filing discovery material

10. Attention is called to LR 5.3 relating to **PAPERS FILED UNDER SEAL.**

11. Attention is called to Fed. R. civ. P. 5(d) which prohibits the filing of disclosures under 26(a)(1) or 2.

12. The Court endeavors to decide pending motions promptly, ordinarily within four weeks after a hearing, or withing two weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending without decision for an apparently inordinate time, counsel are asked to notify the Court's case manager by telephone or in writing (jointly if possible) as to the status

of the motion. Notification is a service that is appreciated and is not viewed as inappropriate or impertinent.

SO ORDERED.

                                                    s/            AVERN COHN
                                                                AVERN COHN
                                          United States District Judge

Dated: November 21, 2008

**NOTE: THE COURT HAS SPECIFIC MOTION PRACTICE GUIDELINES. THEY ARE ATTACHED TO THIS SCHEDULING ORDER.**

**SEE:** **http://www.mied.uscourts.gov/_practices/cohn/toc.htm**

# MOTION PRACTICE GUIDELINES

A.  **Scheduling**

1.  Motions to dismiss may be filed at any time. Motions for summary judgment should usually be filed following the close of discovery. If additional discovery is necessary, counsel should attempt to secure a stipulation for extension from opposing counsel. If agreement cannot be reached, the party desiring the extension should contact the court's case manager **Julie Owens at (313) 234-5160** for direction before filing a motion.

2.  After all briefs have been filed (motion, response and reply), the case manager will generally set a date for a hearing. The dates are firm and extensions will be granted only for good cause shown. Again, counsel desiring an extension should contact the case manager.

3.  In order to avoid unnecessary travel by counsel, the Court will liberally grant requests to conduct hearings by conference call. The Court will entertain any reasonable suggestion that will reduce the time, expense, and inconvenience required to resolve a case.

B.  **Protective Orders**

   Protective orders shall not be entered routinely. In addition to the requirements under Local Rule 5.3, which are to be strictly followed, a protective order including a provision for filing a pleading, paper or exhibit, etc. under seal shall be subject to the following limitations: The entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which are not to be publically disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential.

C.  **Briefing Guidelines**

1.  **Motions for Summary Judgment**

   The guidelines which follow are from the Northern District of Illinois Local Rule 56.1, Motions for Summary Judgment. Copies of the Local Rule are available online at http://www.ilnd.uscourts.gov/LEGAL/NewRules/New00045.htm. For commentary, see the following article from the Chicago Bar Association: Sanil R. Harjani, Local Rule 56.1: Common Pitfalls in Preparing a Summary Judgment Statement of Facts, 16-OCT CBA Rec. 42 (Oct. 2002), available on Westlaw.

## I. REQUIREMENTS

(a) **Moving Party**. With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the moving party shall serve and file—

    (1) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

    (2) a supporting memorandum of law; and

    (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:

        (A) a description of the parties, and
        (B) all facts supporting venue and jurisdiction in this court.

The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion. Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material fact.

If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party.

(b) **Opposing Party**. Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file—

    (1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

    (2) a supporting memorandum of law; and

    (3) a concise response to the movant's statement that shall contain:

        (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and

        (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

        (C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

## II. JOINT SUBMISSION

Upon the filing of the above statement and response, the parties shall integrate the moving party's statement and the non-moving party's response in a single document, jointly submitted, so that each paragraph contains the moving party's statement and non-moving party's response. If a non-moving party files an additional statement consistent with section (b)(3)(C), and the moving party files a reply, these statements shall also be jointly submitted in a single document. Please contact the Court with any questions regarding the joint submission.

## III. REQUIREMENTS FOR EXHIBIT BOOKS AND CASE BOOKS

File EXHIBITS in a separate appendix from the brief. Use a 3 ring binder. Index and tab exhibits. Highlight relevant parts of exhibits.

Counsel are encouraged to supply the Court with copies of **only** their main cases. Use a 3 ring binder. Index and tab cases. Highlight relevant portions of CASES - note on the title page the relevant pages highlighted and what the case stands for. Copies of cases from the official reporter are preferred. If LEXIS or WESTLAW or another format is used, the case should be submitted in dual column format. **COPIES OF CASES SHOULD NOT BE ELECTRONICALLY FILED- they are not part of the original case file but rather assist the Court. They should be delivered directly to chambers.**

## IV. OTHER MOTIONS

Although these requirements are for motions for summary judgment, counsel are encouraged to follow them to the fullest extent possible for other motions, such as motions for entry of judgment and motions to dismiss.