UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
OXFORD UNIVERSITY PRESS, INC.,
SAGE PUBLICATIONS, INC., and
JOHN WILEY & SONS, INC.,                    Civil Action No. 07-CV-12731

                          Plaintiffs,    Hon. Avern Cohn

vs.

                                       Mag. Morgan

EXCEL RESEARCH GROUP, LLC d/b/a
EXCEL TEST PREPARATION,
COURSEPACKS, & COPIES and
NORMAN MILLER, individually,

                          Defendants.
_____/

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**

       In its Memorandum and Order Granting Plaintiffs' Motion for Partial Summary Judgment, dated October 14, 2009 (Docket No. 54), the Court granted plaintiffs' motion for partial summary judgment, finding liability as to 33 works identified in plaintiffs' Amended Complaint. Plaintiffs had not sought in their motion, and the Court did not award, damages or other relief.

       At the conclusion of its Memorandum and Order, the Court directed plaintiffs to "inform the court as to what is left of the case, including the form and steps for determining damages." This Case Management Statement is submitted in response to that directive.

1

1.  **Status of the Case**

The Amended Complaint in this action identified 41 works infringed. Plaintiffs have sought and been granted summary judgment as to liability with respect to 33 of those works. Of those 33 works, 29 were registered prior to the occurrence of the infringement identified in the Amended Complaint.[1] The remaining four works as to which summary judgment has been granted were first published outside the United States, and copyright in them has not been registered.[2]

In the wake of the Court's Order and Memorandum, the parties have been engaged in settlement discussions. While plaintiffs are hopeful that such discussions will bear fruit, they will promptly take the steps set forth in this Case Management Statement should that not occur.

2.  **Remedies Available to Plaintiffs**

    a.  <u>Monetary Relief</u>.

All works infringed are eligible for an award of damages or lost profits under 17 U.S.C. §504(b). However, the 29 registered works discussed above are also eligible under 17 U.S.C. §412 for the special remedy known as "statutory damages," provided in 17 U.S.C. §504(c). Statutory damages may be elected in lieu of actual damages at any time prior to the rendering of final judgment, and may not be less than $750 per work

---

[1] This information is in the record, but not in easily accessible form. Plaintiffs' summary judgment papers contain the dates of registration of the 33 works, which all predate the creation of the respective coursepacks in which the infringement occurred, as identified in Exhibit A to plaintiffs' motion. Plaintiffs will submit all this information in more easily accessible form should it be necessary to move forward to a determination of damages.

[2] Plaintiffs' Statement of Undisputed Facts (Docket No. 44), ¶9.

infringed. *Id.*[3]  Statutory damages may be enhanced in the discretion of the trier of fact. They may be awarded in an amount up to $30,000 per work infringed even without a finding of willfulness, or up to $150,000 per work infringed if willfulness is found.

    b.    <u>Injunctive Relief</u>.

Section 502 of the Copyright Act, 17 U.S.C. §502, provides for permanent injunctive relief to prevent further infringement.   In addition, 17 U.S.C. §503 provides for the "destruction or other reasonable disposition" of copies "found to have been made or used in violation of the copyright owner's exclusive rights," including "masters" from which unlawful copies have been made.

    c.    <u>Attorneys' Fees</u>.

With respect to the 29 registered works discussed above, plaintiffs are eligible to receive an award of costs, including their attorneys' fees.  17 U.S.C. §505.[4]

**3.**    **Plaintiffs' Intended Course of Action**

As stated above, plaintiffs hope that the parties will be able to settle this action. Failing a settlement in the very near future, plaintiffs intend to seek the remedies just described.  To be specific:

    a.    <u>Damages</u>.

Plaintiffs believe that a jury would grant them statutory damages substantially higher than the minimum.  However, defendants have requested a jury in this case, and

---

[3]  The statute permits a lower award where the infringer "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Id.* No such finding is possible here.

[4]  As with statutory damages, registration prior to the commencement of infringement is a prequisite for attorneys' fees.  17 U.S.C. §412.

any award of statutory damages in excess of the minimum would require a jury trial. *BMG Music v. Gonzalez*, 430 F.3d 888, 892-893 (7th Cir. 2005). Given defendants' apparent financial condition, there is no reason to believe that an enhanced award of statutory damages would ever in fact be paid. So, in order to avoid a trial in this action, which would incur substantial expense and judicial resources to reach a result that, by all indications, would be a Pyrrhic victory, plaintiffs intend to:

    1.    Move for summary judgment seeking minimum statutory damages of $750 for each of the 29 registered works referred to above;

    2.    Waive all claims for damages as to the four unregistered works referred to above; and

    3.    Dismiss this action as to all counts other than the 33 just discussed.

    b.    <u>Other Relief</u>.

With respect to non-monetary relief, plaintiffs intend to move for a permanent injunction and the destruction or other reasonable disposition of defendants' coursepack masters.

Finally, plaintiffs intend to move for recovery of their costs and attorneys' fees as provided in 17 U.S.C. §505.

The Court's disposition of these motions should lead to the entry of final judgment in this action.

Respectfully submitted,

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
OXFORD UNIVERSITY PRESS, INC.,
SAGE PUBLICATIONS, INC., and
JOHN WILEY & SONS, INC.,

Plaintiffs,

By their Attorneys:

KOTIN, CRABTREE & STRONG LLP

/s/ William S. Strong
Dated: October 26, 2009   By: __/s/ Amy C. Mainelli Burke_____
William S. Strong, Esq., BBO #483520
Amy C. Mainelli Burke, Esq., BBO#657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

Local Counsel:

Claudia Rast (P40165)
Karl V. Fink (P13429)
Cynthia M. York (P39722)
Pear, Sperling, Eggan & Daniels, P.C.
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan  48105
(734) 665-4441
(734) 665-8788 (fax)

## CERTIFICATE OF SERVICE

I, Amy C. Mainelli Burke, hereby certify that the foregoing Plaintiffs' Case Management Statement was filed with the Clerk of Court through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non registered participants on October 26, 2009.

/s/ Amy C. Mainelli Burke
Amy C. Mainelli Burke